FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

```
Certain Underwriters at        )
Lloyd's London Subscribing to  )
Policy No. CPG 1239,           )
                               )
            Plaintiff,         )
                               )
        v.                     )        Civil No. 2008-26
                               )
Bunker Hill View Guest House,  )
Inc. d/b/a Bunker Hill Hotel,  )
                               )
            Defendant.         )
                               )
_____)
                               )
Certain Underwriters at        )
Lloyd's London Subscribing to  )
Policy No. CPG 1239,           )
                               )
            Plaintiff,         )
                               )
        v.                     )
                               )        Civil No. 2008-27
Bunker Hill View Guest House,  )
Inc. d/b/a Bunker Hill Hotel,  )
                               )
            Defendant.         )
_____)
```

ATTORNEYS:

**Douglas L. Capdeville, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff.*

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, Certain

Underwriters at Lloyd's London Subscribing to Policy No. CPG 1239

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 2

("Lloyd's"), for summary judgment against the defendant, Bunker

Hill View Guest House, Inc. d/b/a Bunker Hill Hotel ("Bunker

Hill").

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lloyd's commenced these consolidated actions[1] in March, 2008

against Bunker Hill for a declaratory judgment.  Lloyd's, a

commercial insurer, sold Commercial Lines Policy Number CPG1239

(the "Policy") to Bunker Hill.  The Policy was effective from

March 11, 2006 to March 11, 2007, and provided liability coverage

for up to $300,000 per occurrence at a guest house owned by

Bunker Hill.  Lloyd's alleges that the Policy excludes certain

occurrences from coverage.

According to Lloyd's, former guests of Bunker Hill, Daren

Stevens ("Stevens") and Caroley Brunn ("Brunn") (together, the

"Underlying Plaintiffs"), have separately sued Bunker Hill in the

Superior Court of the Virgin Islands (the "Underlying Cases").

The complaints in the Underlying Cases allege that Bunker Hill

negligently allowed an individual named Joel Dowdye ("Dowdye") to

enter the guest house.  After entering the guest house, Dowdye

allegedly shot and killed an individual named Sherett James

("James").  Dowdye also allegedly shot and injured Stevens.

Lloyd's claims that Stevens is suing Bunker Hill for his

---

[1]   These actions were consolidated by order dated May 2,
2008.

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 3

injuries.  Lloyd's also claims that Brunn has sued on behalf of

James' estate.

Lloyd's alleges that Bunker Hill has demanded that Lloyd's

defend it in the Underlying Cases.  As a consequence, Lloyd's

seeks a declaration from this Court that the Policy excludes

coverage for the Underlying Cases.

Lloyd's now moves for summary judgment in these actions.

Bunker Hill has filed an opposition[2] and Lloyd's a reply.

## II.  DISCUSSION

### A.   Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, the

discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and

---

[2]   Local Rule of Civil Procedure 56.1(b) provides, in
relevant part:

> Any party adverse to a motion filed under this rule may
> file a response, brief, affidavits and other supporting
> documents within twenty (20) days of the filing of the
> motion.  The respondent must address the facts upon
> which the movant has relied pursuant to subsection
> (a)(1), using the corresponding serial numbering and
> either (I) agreeing that the fact is undisputed; (ii)
> agreeing that the fact is undisputed for the purpose of
> ruling on the motion for summary judgment only; or
> (iii) demonstrating that the fact is disputed.

LRCi 56.1(b) (2008).

Here, Bunker Hill's opposition violates Local Rule 56.1(b)
to the extent it fails both to use the corresponding serial
numbering Lloyd's uses in its motion and to state whether the
facts Lloyd's puts forward are disputed or undisputed.

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 4

that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789

F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no

genuine issue of material fact, but once this burden is met it

shifts to the non-moving party to establish specific facts

showing there is a genuine issue for trial. *Gans v. Mundy*, 762

F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest

upon mere allegations, general denials, or . . . vague statements

. . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.

1991).  "[T]here is no issue for trial unless there is sufficient

evidence favoring the non-moving party for a jury to return a

verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not

himself to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for

trial." *Id.*  In making this determination, this Court draws all

reasonable inferences in favor of the non-moving party. *See Bd.*

*of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster*

*v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

**B.    Standards for the Interpretation of Insurance Contracts**

"The interpretation, construction and legal effect of an

insurance policy is a question to be determined by the court as a

matter of law." *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046, 1050 (D.V.I. 1991) (citing *Berne v. Aetna Insurance Co.*, 604 F. Supp. 958 (D.V.I.) *aff'd*, 782 F.2d 1026 (3d Cir. 1985)).  Courts interpreting insurance policies should read the provisions within the context of the entire policy and any extensions attached thereto. *Id.* at 1051; V.I. CODE ANN. tit. 22, § 846 (2004).[3]  Furthermore, courts "should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." *Northbrook Ins. Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982) (quoting *St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir. 1981)).

If the terms of a policy are unambiguous, it must be construed according to its plain language.  Indeed, the "understanding of an ordinary person is the standard to be used in construing the insurance policy." *Evanston Ins. Co. v. Treister,* 794 F. Supp. 560, 569 (D.V.I. 1992).  If any ambiguity exists, however, it must be construed against the insurer, and in

---

[3]  Title 22, Section 846 of the Virgin Islands Code provides:

> Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy.

V.I. CODE ANN. tit. 22, § 846.

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 6

a manner which is more favorable to coverage. *Vlastos v. Sumitomo*

*Marine & Fire Ins. Co. (Europe) Ltd.*, 707 F.2d 775, 778 (3d Cir.

1983); *Evanston Ins. Co. v. Treister*, 794 F. Supp. 560, 569

(D.V.I. 1992).

## III.  ANALYSIS

To meet its initial burden in this motion, Lloyd's argues

that the Policy's exclusion precludes coverage for the claims

asserted in the Underlying Cases.[4]  The exclusion upon which

Lloyd's relies provides, in pertinent part:

> This insurance does not apply to:
>
> 1.   An assault and/or battery regardless of
>      culpability or intent;
>
> 2.   A physical altercation; or
>
> 3.   Any act or failure to act to prevent or suppress
>      such assault and/or battery or physical
>      altercation;
>
> Whether caused by the insured, an employee, a patron,
> or any other person; and whether or not the acts
> occurred at the premises owned or occupied by the
> insured.
>
> This exclusion also applies to any:
>
> 1.   Damages arising from a claim by any other person,
>      firm or organization, asserting rights derived
>      from, or contingent upon, any person asserting a

---

[4]   Lloyd's also seeks to meet its burden by arguing that the
allegations of the complaints in the Underlying Cases do not
state that there has been an "occurrence," as that term is
defined by the Policy.  Because the Court finds, for the reasons
discussed below, that Lloyd's prevails for other reasons, the
Court need not reach this argument.

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 7

        claim arising out of an assault and/or battery or
        a physical altercation;

2.     Damages for emotional distress, or for loss of
        society, services, consortium and/or income;
        reimbursement for expenses (including but not
        limited to medical expenses, hospital expenses,
        and wages) paid or incurred by such other person,
        firm or organization;

3.     Obligation to share damages with or repay someone
        who must pay damages because of such assault
        and/or battery or physical altercation; or

4.     Damages arising out of allegations of negligent
        hiring, placement, training, or supervision, or to
        any act, error, or omission relating to such
        assault and/or battery or physical altercation.

We are under no duty to defend an insured in any "suit"
alleging such damages arising out of an assault and/or
battery or physical altercation.

(Pl.'s Mem. in Supp. of Mot. for Summ. J., Exh. 1 at 2.)

The exclusion in this matter clearly and unambiguously bars
coverage for any claim arising out of any act, error, or omission
of Bunker Hill relating to any assault and/or battery, whether
perpetrated by Bunker Hill or a third party.  To determine
whether that exclusion applies to Bunker Hill's demand, the Court
must examine the factual allegations in the Underlying Cases.
*See*, *e.g.*, *Nationwide Mut. Fire Ins. Co. v. Pipher*, 140 F.3d 222,
224 (3d Cir. 1998) (holding that it is the factual allegations
averred in the complaint, and not the nature of the act that
caused the injury, that control in determining whether an
exclusion applies); *Mechetti v. Illinois Ins. Exchange/Classic*

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 8

*Syndicate*, Civ. No. 97-5855, 1998 U.S. Dist. LEXIS 4035, at *10

n.8 (E.D. Pa. Mar. 30, 1998); *St. Paul Surplus Lines Ins. Co. v.*

*1401 Dixon's, Inc.*, 582 F. Supp. 865, 867 (E.D. Pa. 1984).

The factual allegations in both of the Underlying Cases are

essentially identical.  The complaints in both cases allege that

Bunker Hill was negligent in: allowing Dowdye into the guest

house, telling him the room in which the Underlying Plaintiffs

could be found and failing to warn the Underlying Plaintiffs that

Dowdye was on the premises.  The complaints also allege that

Dowdye shot both of the Underlying Plaintiffs, injuring one and

killing the other.

Essentially, the Underlying Plaintiffs allege that Bunker

Hill's act or failure to act and/or omission led to an assault

and battery that caused their injuries.  The Policy's exclusion,

however, unambiguously precludes coverage for "[a]ny act or

failure to act to prevent [an] assault and/or battery," and

applies to "to any act, error, or omission relating to such

assault and/or battery . . . ." (Pl.'s Mem. in Supp. of Mot. for

Summ. J., Exh. 1 at 2.)

No Virgin Islands case law contemplates an assault and

battery exclusion to determine whether an insurance policy

excludes coverage for an insured's negligent act or omission that

results in an assault and battery.  However, several cases in

other jurisdictions, including from within the Third Circuit,

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 9

have interpreted exclusions similar to the one in this matter to

preclude coverage for negligence claims where the injury is the

result of an assault and/or battery.

For example, in *United Nat'l Ins. Co. v. Entertainment*

*Group, Inc.*, 945 F.2d 210 (7th Cir. 1991), a female teenager

attended a movie at a theater, where she was sexually assaulted

by a third party.  The teenager sued the theater owner in state

court, alleging various negligence theories.  The theater owner's

insurance policy excluded coverage for "[c]laims arising out of

an assault and/or battery, whether caused by or at the

instigation of, or at the direction of, or omission by, the

Insured, and/or his employees." *Id.* at 212.  The district court

granted the motion for summary judgment of the theater owner's

insurer, rejecting the theater owner's argument that the insurer

was obligated to provide coverage because the underlying suit was

a negligence suit, not a suit claiming assault and battery.  In

affirming the district court's ruling, the Seventh Circuit found

unpersuasive the theater owner's contention that "the assault and

battery exclusion applies only when a suit explicitly states a

cause of action for assault and battery." *Id.*  Specifically, the

court reasoned that the underlying plaintiff's

> injuries originated in, or arose from, an assault and
> rape.  The exclusion in the insurance policy precludes
> coverage for suits "arising out of assault and/or
> battery."  The assault and battery endorsement denies
> coverage, *inter alia*, if the injury is caused by an

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 10

> "omission" of the insured or his employees.  Hence, the
> policy excludes coverage even when the injured party
> alleges that the assault was the result of the
> insured's negligence.

*Id.* at 214; *see also St. Paul Surplus Lines Ins. Co.*, 582 F.

Supp. at 867 (barring coverage for a tavern sued for negligence

by the mother of a customer who was killed in the tavern's

parking lot, because the assault and battery resulting in the

customer's death was the immediate cause of the injury that gave

rise to the lawsuit).

The Seventh Circuit's conclusion in *Entertainment Group*

finds ample support in other federal appellate cases.  For

instance, in *Winnacunnet Co-op. Sch. Dist. v. Nat'l Union Fire*

*Ins. Co. of Pittsburgh, Pa.*, 84 F.3d 32 (1st Cir. 1996) (applying

New Hampshire law), a school filed an action to obtain coverage

from its insurer for claims by parents alleging negligent

supervision and hiring of a teacher who had conspired with

students to have her husband murdered.  The First Circuit was

unconvinced by the school's contention that the policy's assault

and battery exclusions did not apply because the claims did not

"arise out of" the violence.[5]  The court reasoned that the phrase

"arising out of" was sufficiently broad to include not only

causation but also damages "originating from," "growing out of"

---

[5]  The exclusion provided, in pertinent part, that the
policy "does not apply . . . to any claims arising out of . . .
assault or battery." *Winnacunnet Coop. Sch. Dist.*, 84 F.3d at 34.

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 11

or "flowing from" the alleged intentional act. *Id.*  The court

homed in on the nature of the alleged damages, concluding "that

*all* of the alleged damages . . . originated from, or 'arose out

of,' the murder." *Id.* at 37 (emphasis in original; footnote

omitted).  The court thus held that the negligent hiring and

supervision claims arose "entirely out of excluded acts" of

violence and therefore fell outside the bounds of coverage. *See*

*id.* at 38.  The First Circuit further noted that its ruling was

"consistent with cases in other jurisdictions . . . recognizing

that an exclusion for a claim arising out of an assault also bars

coverage for a claim that an insured negligently allowed an

assault to occur." *Id.* (citations omitted).

Similarly, in *Essex Ins. Co. v. Michigan Skatelands*, Nos.

93-2132, 93-2145, 1994 U.S. App. LEXIS 30776, at *7-8 (6th Cir.

Oct. 21, 1994) (unpublished; applying Michigan law), two

individuals entered a skating rink with firearms and assaulted

several patrons.  The skating rink owner's insurance policy

provided:

> It is agreed this policy does not cover any claims
> arising out of Assault and Battery or out of any act or
> omission in connection with the prevention or
> suppression of such acts, whether caused by or at the
> instigation or direction of the Insured, Insured's
> employees, patrons or any other person.

*Id.* at *2.  The Sixth Circuit found that the exclusion "expressly

and unambiguously denies coverage for any claim arising out of an

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 12

assault and battery, and acts or omissions in connection with the prevention or suppression of an assault and battery." *Id.* at *7. The court further noted that "[t]hough [the skating rink owner] characterizes the three underlying claims against it as breach of contract and negligence claims, the underlying claims clearly arose out of tortious conduct." *Id.*  Accordingly, the court denied coverage.

Here, the Underlying Cases do not state a cause of action for negligence distinct from the assault and battery on the Underlying Plaintiffs.  Indeed, the parties do not dispute that all of the injuries alleged by the Underlying Plaintiffs originate in or flow from Dowdye's attack.  In other words, but for Dowdye's alleged assault and battery, the Underlying Plaintiffs would have no claims for negligence to assert. Because the Underlying Plaintiffs cannot prevail on their negligence claims without establishing that they were injured from the assault and battery, those claims "arise out of" excluded acts or omissions.

Because the Court finds that Lloyd's has met its initial burden of showing the absence of any genuine issue of material fact, the burden shifts to Bunker Hill to come forward with evidence showing the existence of a genuine issue of material fact.

Bunker Hill argues that the authority on which Lloyd's

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 13

relies is inapposite.  Bunker Hill asserts that the underlying

suits in those cases allege that the insured was negligent in

preventing the assault and battery.  According to Bunker Hill, no

such allegation exists in the Underlying Cases.  In essence,

Bunker Hill invites the Court to find that the exclusion does not

apply simply because the Underlying Plaintiffs did not draft

their complaints to state explicitly that Bunker Hill negligently

failed to prevent the assault.  Because the Court has already

found, however, that the expansive language of the Policy's

exclusion does apply even to negligence arising out of an assault

and battery by a third party, the Court must decline that legally

untenable invitation. *See*, *e.g.*, *Winnacunnet Coop. Sch. Dist.*, 84

F.3d at 35-36 ("While a duty to defend may be found solely on the

facts pleaded in the cause of action, a court may inquire into

the underlying facts to avoid permitting the pleading strategies,

whims, and vagaries of third party claimants to control the

rights of parties to an insurance contract.") (internal quotation

marks and citations omitted); *United Nat'l Ins. Co. v. The*

*Tunnel, Inc.*, 988 F.2d 351, 354 (2d Cir. 1993) (denying coverage

where the "plaintiff is seeking to recover by 'dressing up the

substance' of one claim, here a battery, in the 'garments' of

another, here negligence"); *see also Essex Ins. Co.*, 1994 U.S.

App. LEXIS 30776, at *7-8 (affirming a grant of summary judgment

because "[i]t is necessary to focus on the basis for the injury

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 14

and not the nomenclature of the underlying claim in order to

determine whether coverage exists") (citation omitted).

Bunker Hill also contends that the Policy's exclusion does

not apply because "[a]llegations such as negligent supervision or

negligently providing information to Dowdye are 'conceptually

independent' from negligence in failing to prevent or suppress an

attack." (Def.'s Mem. in Opp'n to Mot. for Summ. J. 13.)  Bunker

Hill seeks support for that contention in an unpublished decision

in Kentucky, *Kentucky School Boards Ins. Trust v. Board of Educ.*

*of Woodford County*, No. 2002-CA-001748-MR, 2003 WL 22520018, at

*3 (Ky. Ct. App. Nov. 7, 2003).  The exclusion in *Kentucky School*

*Boards* barred coverage for damages "related to or arising out of

. . . [a]ny claim based upon or arising out of . . . assault and

battery."  The court found that language ambiguous.  This Court,

in contrast, perceives no ambiguity in the Policy's provision

clearly barring coverage for damages arising out of "any act,

error, or omission relating to [any] assault and/or battery."

Bunker Hill's reliance on *Kentucky School Boards* is therefore

misplaced.

Furthermore, in quoting the exclusion's reference to

"negligence in failing to prevent or suppress an attack," Bunker

Hill appears to focus exclusively on one subsection of the

exclusion at the expense of other provisions.  That approach is

fatally flawed to the extent it ignores very broad language in

*Certain Underwriters at Lloyd's v. Bunker Hill*
Civil Nos. 2008-26 and 2008-27
Memorandum Opinion
Page 15

the exclusion that clearly bars coverage for all of the

Underlying Plaintiffs' negligence claims. *See Jacobs*

*Constructors, Inc. v. NPS Energy Servs.*, 264 F.3d 365, 375 (3d

Cir. 2001) (stating that "an insurance policy must be read as a

whole . . . .") (citations omitted).

## IV.   CONCLUSION

For the reasons given above, the Court finds that there are

no material facts in dispute and that Lloyd's is entitled to

judgment as a matter of law.   Accordingly, the Court will grant

the motion.   An appropriate judgment follows.

S_____
         **CURTIS V. GÓMEZ**
           **Chief Judge**